UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OXYMED, INC., et al., | : Case No. 1:17-cv-00349 |
| Plaintiffs | : |
| v. | : Judge Susan J. Dlott |
| LINCARE, INC., | : |
| | : **STIPULATED PROTECTIVE ORDER** |
| Defendant. | : |

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1. **Applicability of This Protective Order.** All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order (collectively, "Information").

2. **Use of Information Produced Pursuant to This Order.** Either Party may designate any Information as "CONFIDENTIAL" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material") upon a good faith assertion that such Information constitutes (i) "Protected Health Information" and/or "Individually Identifiable Health Information" as defined in 45 CFR 160.103, or (ii) information not generally known, not otherwise publicly available, and which that Party would not normally reveal to third parties because of its business or proprietary nature. Information and material produced or exchanged in discovery in this case and designated at any time by a party or non-party as "CONFIDENTIAL" shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom such information is produced solely for the purpose of litigating this case. Such information shall not be used by or

disclosed to any person or entity other than the receiving party for any use or purpose, unless such use or disclosure is authorized by this Protective Order, otherwise agreed in writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is referred to as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material.

3. **Confidential Material Designation.** The intent is that this Order complies with the requirements of 45 CFR § 164.512(e)(1)(v) and shall constitute a "qualified protective order," as defined in that section. As a result, a party or non-party may produce and designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action, and that is or contains "Protected Health Information" and/or "Individually Identifiable Health Information," as well as confidential research, development, or commercial information of the Designating Party.

4. **Designating and Marking Confidential Material.** Confidential Material shall be designated and marked as follows:

    a. A document is to be designated as Confidential Material by stamping or writing on it the following legend, or an equivalent thereof: "CONFIDENTIAL." The legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

    b. Information or material produced in an electronic medium (such as CDs, DVDs, flash drives, floppy diskettes or tapes) is to be designated as Confidential Material by marking or labeling the medium or medium container with the legend specified in subsection 4(a) above. If any person or entity who receives such a designated electronic medium prints or

otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked by the person or entity making such copy as Confidential Material in accordance with the marking on the medium or medium container.

  c. A physical exhibit is to be designated as Confidential Material by affixing to it a label with the legend specified in section 4(a) above.

  d. A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, the legend specified in subsection 4(a) above.

  e. Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within thirty (30) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL." The letter or other notice shall cite this Protective Order and identify the pages and lines, and/or exhibits, to be designated as Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 4(a) above and shall be governed by the terms of this Protective Order.

If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access

to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

Each deposition transcript shall be treated as containing in its entirety "CONFIDENTIAL" information during the thirty (30) day period after receipt of the transcript by counsel for the Designating Party during which counsel for the Designating Party may identify "CONFIDENTIAL" information from the transcript.

5. **Disclosure of Confidential Materials.** Materials designated as "CONFIDENTIAL" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

    a. The parties to this litigation;

    b. Counsel of record for the parties to this litigation, including necessary secretarial, clerical, and litigation support or internal copy service personnel assisting such counsel;

    c. Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation, together with their clerical or support personnel, provided that each consultant or expert executes a copy of the Consent attached to this Protective Order before receiving any Confidential Material, and a copy of the signed Consent is provided to the Producing Party before any Confidential Material is given to the consultant or expert witnesses. If an objection is made, the consultant or expert shall not be provided with Confidential Material unless and until the party wishing to disclose the Confidential Material to the consultant or expert moves for and obtains appropriate relief from the Court. Counsel retaining such outside consultants or expert witnesses shall maintain a copy of the signed

4

Consent for each of its outside consultants and/or expert witnesses;

    d.  The Court, Court personnel, and court reporters; and

    e.  Any other person agreed to by the parties in writing before any disclosure, provided that such persons execute a copy of the Consent attached to this Protective Order before receiving any Confidential Material.

  6.  **Use of Confidential Material by Designating Party.** Nothing in this Protective Order limits a party's ability to show its own Confidential Material to anyone without restriction of this Protective Order. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to representatives of that Designating Party, including any past or present officer, director, employee, or representative thereof.

  7.  **Jurisdiction.** This Court shall retain jurisdiction for purposes of enforcing this Protective Order.

  8.  **Protecting Confidential Material.** Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent use by, or disclosure to, persons to whom disclosure is not permitted under this Protective Order. Any person receiving Confidential Material shall implement a plan to protect Confidential Material from a security breach. In the event of a security breach, the person whose servers have been breached will immediately notify all parties in the case and take proactive steps to assess the extent of the security breach, recover exposed Confidential Material, and create new security protocols to adequately protect Confidential Material from a subsequent security breach.

  9.  **Challenging Designation of Materials as Confidential.** A party may challenge

the designation of Confidential Material only as follows:

      a.      If a party believes that material designated by another party as "CONFIDENTIAL" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. In compliance with S.D. Ohio Local R. 37.1, the parties shall then attempt in good faith to resolve such dispute informally. Any party may seek an informal telephone conference with the magistrate assigned to supervise discovery as provided in S.D. Ohio Local R. 37.1.

      b.      If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court under Fed. R. Civ. P. 37. The fact of having previously stipulated to the entry of this Protective Order shall not prejudice any party, and the Court will decide the particular matter *de novo* under the substantive standards of Fed. R. Civ. P. 26 and/or 37, *i.e.,* the Designating Party bears the burden to establish that the contested material is Confidential Material. The material involved shall be treated according to its original designation during the pendency of the challenge.

10.    **Submitting Confidential Material to the Court.** A party that intends to file any paper, pleading, exhibit, or other document containing Confidential Material shall do so after obtaining a Court order permitting such filing. The Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D.

Ohio Civ. R. 5.2.1.

When filing under seal, the parties shall include the following legend on the outside of the sealed envelope:

**"DOCUMENTS UNDER SEAL"**

The outside of the envelope shall also contain the case caption, a descriptive title of the document, unless such information is to be, or has been included among the information ordered sealed, and the date of the order or reference to any statute permitting the document to be sealed. A paper, pleading, exhibit, or other document need not be filed under seal if all information designated as Confidential Material has been redacted from documents and every attachment thereto.

11. **Conclusion of Litigation.** All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of the litigation, a party in possession of Confidential Material shall either destroy or return such documents, no later than thirty (30) days after conclusion of this action, to counsel for the party who provided such information. Nothing in this section prohibits the attorneys representing the parties from keeping a copy of any Confidential Material.

12. **Improper Disclosure of Confidential Material.** If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order or other than in a manner authorized by this Protective Order, or if there is a suspected security breach that involves any Confidential Material or personal health information produced as a result of discovery in this case, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure

that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made). The party responsible for the disclosure shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

13. **Inadvertent Disclosure**. By agreeing to this Order, neither party waives the attorney-client privilege, work product doctrine, or any other privileges or protections provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligations or right of any party or person with respect to any Confidential Material. Moreover, the inadvertent disclosure of information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently discloses information that is subject to a privilege or protection, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced information shall be destroyed.

The parties agree that they shall not seek to compel or otherwise challenge a producing party's claim that information was inadvertently disclosed and thus remains subject to the

particular claimed privileges or protections where the producing party (a) notifies the receiving party of the disclosure in writing within 30 days of the disclosure and states in that notice that an attorney for the producing party reviewed the information before it was disclosed, and (b) the information is subject to the claimed privileges or protections. Except as provided in the immediately preceding sentence, nothing in this Protective Order shall preclude the receiving party that returns inadvertently produced information from seeking an order compelling the production of that information.

14. **No Admissions.** Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

15. **Modification of Protective Order.** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Consent, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

_____
Magistrate Judge Karen L. Litkovitz

Dated: March 13, 2018

**SO STIPULATED:**

/s/ Nicholas J. Pieczonka
Aaron M. Herzig (0079371)
Nicholas J. Pieczonka (0087062)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com
npieczonka@taftlaw.com
*Counsel for Defendant and Counterclaim-Plaintiff*

/s/ C.J. Schmidt
C.J. Schmidt (0034030)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491
Phone: (513) 852-6052
Fax: (513) 419-6452
cjschmidt@woodlamping.com
*Counsel for Plaintiffs and Counterclaim-Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OXYMED, INC., et al., | : Case No. 1:17-cv-00349 |
| Plaintiffs | : Judge Susan J. Dlott |
| v. | : |
| LINCARE, INC., | : |
| Defendant. | : |

**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ declare:

1. My business address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any Confidential Material that I receive in this action. I understand that any unauthorized use or disclosure of the Confidential Material I receive constitutes a violation of the Protective Order, which may be redressed by an appropriate remedy, including, but not limited to contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2018.

_____